UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE SANDER, | |
| Plaintiff, | Hon. Garrett E. Brown, Jr. |
| v. | |
| | Civil Action No. 08-1383 (GEB) |
| HR TRUST SERVICES, LLC; HR TRUST LLP; HRT SERVICES, II, LLP; HRT INSURANCE AGENCY, LLP; OUTSOURCING WORKS, LLP; 1099 GROUP BENEFITS, LLP; IBO MANAGED SERVICES, INC.; ACEVEDO SPAIN HOLDING, INC.; ACEVEDO SPAIN, LP; RONALD SPAIN a/k/a RON SPAIN; JANICE ACEVEDO; SUPERIEN HEALTH NETWORKS; INTERPLAN HEALTH GROUP; PHCS PRIVATE HEALTH SYSTEMS; MULTIPLAN, INC.; WEB-TPA, INC.; SPECTERA, INC.; and UNITED HEALTHCARE INSURANCE COMPANY, | **MEMORANDUM OPINION** |
| Defendants. | |

**BROWN, Chief Judge:**

This matter comes before the Court on the motion to dismiss (Doc. No. 39) filed by Defendants United Healthcare Insurance Company ("United") and Spectera, Inc. ("Spectera") (collectively "Moving Defendants"). For the following reasons, the Court will grant Moving Defendants' motion.

*Background*

In August 2006, Plaintiff Michelle Sander, a New Jersey resident, received medical treatment from various physicians for pain she was experiencing in her neck, shoulders, and

1

arms.  In September 2006, Sander's neurosurgeon conducted an MRI and concluded that she needed emergency surgery on a cervical disc in her neck.  As a result of that surgery and other medical treatment, Sander incurred medical bills in excess of $100,000.  Sander submitted claims for payment of her medical bills to her Texas-based insurance company, HR Trust Services ("HR Trust").  HR Trust offered insurance by enrolling itself in group health insurance plans with several Preferred Provider Organizations ("PPOs"), listing those PPOs as network providers within its plan, and selling its policy with access to those networks to self-employed individuals.  HR Trust, however, refused to pay Sander's medical claims related to the surgery on her cervical disc and only paid approximately $6,959.98 of her total claims.  In November 2007, one of Sander's medical providers, Physiologic Assessment Services ("Physiologic"), filed a Complaint against her in the Superior Court of New Jersey, seeking payment for medical services rendered.  Sander then filed a Third-Party Complaint in that action against HR Trust, alleging that HR Trust had wrongfully denied her claims.  On March 18, 2008, HR Trust removed the state court action to this District.[1]

Thereafter, in May 2008, the Texas Commissioner of Insurance issued a cease and desist order against HR Trust because HR Trust had engaged in the unauthorized business of insurance by soliciting, marketing, selling, administering, executing, and issuing group health insurance to self-employed persons without a license or other authority to do so.  As a result, on June 27, 2008, Sander filed a motion seeking leave to file an Amended Complaint to add fraud claims against HR Trust and to assert claims against several PPOs, including United and Spectera, with

---

[1] Physiologic entered into a stipulation dismissing its claims against Sander, and the docket sheet reflects that Physiologic was terminated as a party on September 30, 2008.  Sander remains as the only plaintiff in this action.

2

whom HR Trust had contracted. The Honorable Peter J. Sheridan, United States District Judge, granted Sander leave to file her Amended Complaint, which she did on September 30, 2008. On January 9, 2009, Moving Defendants filed a motion (Doc. No. 39) to dismiss all claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).[2]

## *Discussion*

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint will survive a motion to dismiss if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic

---

[2] By order of September 9, 2009, the instant matter was reassigned to the undersigned.

documents if the complainant's claims are based upon those documents. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

In this case, Sander has asserted one count against Moving Defendants, and viewed in Sander's favor, that count consists of claims sounding in theories of ordinary negligence, negligent misrepresentation, and fraud. Because a federal court sitting in diversity is required to apply the law of the forum state, this Court applies New Jersey law to Sander's claims. *See Thabault v. Chait*, 541 F.3d 512, 521 (3d Cir. 2008). Moving Defendants contend that Sander's complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim under each of those theories. This Court agrees and will grant Moving Defendants' motion to dismiss.

First, Moving Defendants assert that Sander's negligence claims must be dismissed because Moving Defendants owed no duty to Sander. In New Jersey, "[w]hether a duty of care exists is a question of law that must be decided by the court." *Jerkins ex rel. Jerkins v. Anderson*, 191 N.J. 285, 294 (2007). "In making that determination, the court must first consider the foreseeability of harm to a potential plaintiff, and then analyze whether accepted fairness and policy considerations support the imposition of a duty." *Id.* (citations omitted). The foreseeability of harm refers to the risk of injury to another person that is reasonably within the range of apprehension. *Id.* (citing *Clohesy v. Food Circus Supermarkets, Inc.*, 149 N.J. 496, 503 (1997)). The ability to foresee harm, however, "'does not in itself establish the existence of a duty, . . . but it is a crucial element in determining whether imposition of a duty on an alleged tortfeasor is appropriate." *Id.* (quoting *Carter Lincoln-Mercury, Inc. v. Emar Group*, 135 N.J. 182, 194 (1994)). Once the forseeability of an injured party is established, "the question whether a duty exists is 'one of fairness and policy that implicates many factors,'" including "'the

4

relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution.'" *Id.* (quoting *Carvalho v. Toll Bros. & Developers*, 143 N.J. 565, 573 (1996)).

In this case, HR Trust enrolled in group dental insurance and group vision insurance with Moving Defendants United and Spectera, respectively. Sander does not allege that she enrolled in the dental or vision plans offered through HR Trust; rather, Sander claims that she enrolled in a medical insurance policy through HR Trust, and her medical claims against HR Trust arise from the cervical disc surgery that she received from another network provider offered through that policy. This Court finds as a matter of law that the harm suffered by Sander in this case was not foreseeable to Moving Defendants. It was not reasonably within the range of apprehension for Moving Defendants, by entering into contracts to provide group dental and vision policies to HR Trust, to foresee HR Trust denying coverage for medical injuries treated by other network providers or that HR Trust would sell its own general health insurance policies to self-employed persons like Sander without a license to do so. Even if the harm to Sander was foreseeable, this Court finds that as a matter of law, based on considerations of fairness and policy, imposition of a duty upon Moving Defendants would not be appropriate, especially where Sander's claims do not involve the denial of coverage under the dental or vision insurance policies that HR Trust enrolled in with Moving Defendants. Therefore, this Court will dismiss Sander's negligence claims against Moving Defendants.

Second, Moving Defendants contend that Sander's claims of negligent misrepresentation must be dismissed. In New Jersey, "a plaintiff bringing a negligent misrepresentation claim [must] demonstrate that a defendant negligently provided false information and that plaintiff

5

incurred damages caused by the plaintiff's reliance on that information." *S. Broward Hosp. Dist. v. MedQuist, Inc.*, 516 F. Supp. 2d 370, 395 (D.N.J. 2007) (citing *Karu v. Feldman*, 119 N.J. 135, 145 (1990)). Moreover, "'any tort of negligence requires the plaintiff to prove that the putative tortfeasor breached a duty of care.'" *Id.* (quoting *Highlands Ins. Co. v. Hobbs Group, LLC*, 373 F.3d 347, 351 (3d Cir. 2004)).

As discussed above, this Court finds that as a matter of law Moving Defendants did not owe a duty to Sander. However, even if the Court were to find a duty, Sander's claims for negligent misrepresentation must still be dismissed because Sander has failed to allege sufficiently that Moving Defendants provided any false information to her with regard to HR Trust. The representations relied upon by Sander were provided to Sander by HR Trust, not Moving Defendants. Although that information may have referenced the group insurance policy obtained by HR Trust from Moving Defendants, Sander does not allege that Moving Defendants themselves made any representations to her, and this cannot be plausibly inferred from Sander's factual allegations. Thus, this Court concludes that Sander's negligent misrepresentation claims cannot survive Moving Defendants' motion to dismiss.

Third, Moving Defendants assert that Sander has failed to sufficiently state a claim for fraud against Moving Defendants. To establish common-law fraud in New Jersey, a plaintiff must prove: "'(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages.'" *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 172, 173 (2005) (quoting *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997)); *see also Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (applying

New Jersey law). To survive a motion to dismiss, "a plaintiff alleging fraud must state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.'" *Frederico*, 507 F.3d at 200 (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 223-224 (3d Cir. 2004)); *see also* Fed. R. Civ. P. 9(b). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id.*

In this case, Sander's Amended Complaint simply asserts that she relied upon Moving Defendants' representation that HR Trust was an authorized provider of insurance. Sander has failed to identify with particularity any alleged representation made by Moving Defendants; the only representations identified by Sander are those made by HR Trust, not Moving Defendants. Additionally, the mere fact that Moving Defendants entered into a contract with HR Trust to provide HR Trust with group dental and vision insurance is insufficient to make plausible that Moving Defendants represented that HR Trust was itself authorized and licensed to sell health insurance policies to self-employed individuals such as Sander. Sander's bald assertion that she relied upon Moving Defendants' misrepresentations provides no measure of substantiation with regard to her fraud claims and is insufficient to raise her right to relief beyond the speculative level. Therefore, the Court will dismiss Sander's fraud claims against Moving Defendants.

To the extent that Sander's fraud claims against Moving Defendants rest on a theory of aiding and abetting, the claims must also fail. In New Jersey, "'aiding and abetting' liability . . . require[s] performance of [a] wrongful act, awareness of the illegality, and knowing and substantial assistance to [the] principal violator." *Leang v. Jersey City Bd. of Educ.*, 198 N.J. 557, 576 (2009) (quoting *Tarr v. Ciasulli*, 181 N.J. 70, 83-84 (2004)). Sander has failed to allege

with particularity that Moving Defendants committed a wrongful act, were aware of any illegality, or provided knowing and substantial assistance to HR Trust. Therefore, this Court concludes that Sander has failed to state a claim against Moving Defendants under an aiding and abetting theory of fraud liability.

## *Conclusion*

For the foregoing reasons, this Court will grant Moving Defendants' motion to dismiss. (Doc. No. 39). An appropriate form of order accompanies this Memorandum Opinion.

Dated: September 21, 2009

                                              S/Garrett E. Brown, Jr.
                                              Garrett E. Brown, Jr., Chief Judge
                                              United States District Court