**TOMPKINS, McGUIRE, WACHENFELD & BARRY LLP**
Four Gateway Center, 5th Floor
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-3000
rulsamer@tompkinsmcguire.com
Attorneys for Defendant, webTPA Employer Services, LLC, improperly plead as Web-TPA, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

CIVIL ACTION NO. 08-1383 (GEB/ES)

MICHELE SANDER,

    Plaintiff,

v.

HR TRUST SERVICES, LLC, HR TRUST LLP, HRT SERVICES, II, LLP, OUTSOURCING WORKS, LLP, 1099 GROUP BENEFITS, LLP, IBO MANAGED SERVICES, INC., ACEVEDO SPAIN HOLDING, INC., ACEVEDO SPAIN, LP, RONALD SPAIN a/k/a RON SPAIN, JANICE ACEVEDO, SUPERIEN HEALTH NETWORKS, INTERPLAN HEALTH GROUP, PHCS PRIVATE HEALTH SYSTEMS, MULTIPLAN, INC., LDI PHARMACY SERVICES, INTERGROUP SERVICES, INC., WEB-TPA, INC., SPECTERA, INC., and UNITED HEALTHCARE INSURANCE COMPANY,

    Defendants.

---
**webTPA'S BRIEF IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT**
---

## TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ............................................. 1

PROCEDURAL SUMMARY ................................................ 3

LEGAL ARGUMENT

    POINT I

        THE INAPPLICABILITY OF §101.201 OF THE TEXAS
        INSURANCE CODE TO webTPA'S ALLEGED CONDUCT
        PRECLUDES AS FUTILE AN AMENDMENT BASED ON
        THIS SECTION OF THE CODE ............................... 5

CONCLUSION ........................................................ 9

**TABLE OF AUTHORITIES**

PAGE

Cases

Boddy v. Cigna Prop. & Cas. Cos.
  334 N.J. Super. 649 (App. Div. 2000)............................7

City of Clinton v. Pilgrim's Pride Corp.
  2009 WL 2949312 (N.D. Tex. Sept. 15, 2009)......................6

Daus v. Marble
  270 N.J. Super. 241 (App. Div. 1994)............................6

Environmental Procedures, Inc. v. Guidry
  282 S.W.3d 602 (Tex. App., 2009)................................7

Foman v. Davis
  371 U.S. 178 83 S.Ct. 227 (1962)................................5

Learners Online, Inc. v. Dallas Independent School Dist.
  2009 WL 2138974 (Tex.App.-Dallas July 20, 2009)..............6, 7

Marks v. St. Luke's Episcopal Hosp.
  2009 WL 2667801 (Tex. Aug. 28, 2009)............................6

Universal Communication Systems v. Lycos, Inc.
  478 F.3d 413 (1st Cir. 2007)....................................5

Statutes

§101.201(a) of the Texas Insurance Code ..........................6

**PRELIMINARY STATEMENT**

While there is no disputing that motions seeking leave to amend are within the discretion of this Court, and that they should be freely granted when justice requires, such is not the case when a proposed amendment would be futile.

Defendant, webTPA Employer Services, LLC ("webTPA"), from which relief is sought in two of the proposed Second Amended Complaint's seven counts, neither objects to plaintiff's request to omit those defendants previously dismissed from this lawsuit, nor the abandonment of her common law fraud claims, it does oppose the addition of the <u>Seventh Count</u> against webTPA, which relies on §101.201 of the Texas Insurance Code.

The referenced Code section applies in instances where an insurance contract has been issued by an insurer which is unauthorized to do business in Texas. Designed to protect unwary purchasers, it precludes an unauthorized insurer from enforcing its rights under such a policy, in addition to penalizing those who took part in the policy's procurement should the unauthorized insurer fail to honor its obligations.

Whether plaintiff became a member of an ERISA self-funded single employer health benefit plan, as defendants contend, or purchased an insurance policy, as alleged by plaintiff, is an

1

issue that can be held in abeyance. For the pending motion, the initial, and singular focus, is whether webTPA could be considered, under §101.201 of the Texas Insurance Code, "[a] person who in any manner assisted directly or indirectly in the procurement" of plaintiff's medical plan with HR Trust.

The plain and ordinary meaning of "procurement," an undefined term within the Texas Insurance Code, involves the act of obtaining, attaining or acquiring, a task which webTPA, a third party administrator, neither performed on behalf of plaintiff, nor can such performance be alleged in good faith. Inapplicable to webTPA, permitting an amendment based on this section of the Code would be futile.

With respect to plaintiff's revised <u>Sixth Count</u>, which baldly charges webTPA with negligence and/or purposeful conduct, webTPA reserves its right to seek dismissal, pursuant to F.R.C.P. 12(b)(6), should the Second Amended Complaint be allowed, in whole or in part.

**PROCEDURAL SUMMARY**

This dispute centers on the alleged failure by an HR Trust-created benefit plan to pay the surgical and related medical expenses incurred by plaintiff in or about September 2006. Initially filed in New Jersey Superior Court in November 2007 by a vendor seeking approximately $3300 from plaintiff, this action was removed by then third-party defendant, HR Trust, to this Court in March 2008 [CM/ECF Docket Entry No. 1].

In addition to alleged damages exceeding $75,000, HR Trust, a Texas corporation, stated in its notice of removal that this Court had original jurisdiction since the health plan at issue was governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq. ("ERISA") [CM/ECF Docket Entry No. 1].

On September 2, 2008, in response to two separate motions seeking leave to amend [CM/ECF Docket Entry Nos. 9, 12], plaintiff was permitted to file and serve a First Amended Complaint, ostensibly to join other defendants [CM/ECF Docket Entry No. 15]. Amongst the newly added defendants, webTPA, whose relationship with HR Trust had ended prior to plaintiff's 2006 surgery, answered the First Amended Complaint on December 23, 2008 [CM/ECF Docket Entry No. 36].

3

The pending motion comes on the heels of this Court's September 21, 2009 decision granting the 12(b)(6) motion brought by defendants United Healthcare Insurance Company ("United") and Spectera, Inc. ("Spectera") [CM/ECF Docket Entry No. 67]. It was determined that plaintiff's First Amended Complaint had failed to state actionable claims against United and Spectera for ordinary negligence, negligent misrepresentation and fraud.

In the proposed Second Amended Complaint, plaintiff has withdrawn her claims of common law fraud against webTPA, while substituting a <u>Seventh Count</u> charging that webTPA is strictly liable for plaintiff's outstanding medical expenses, pursuant to §101.201 of the Texas Insurance Code, for allegedly "assisting directly or indirectly in the procurement of an insurance contract by an unauthorized insurer."

Additional revisions contained in the <u>Sixth Count</u> concerning the alleged negligence and/or purposeful conduct of webTPA will be addressed in a separate motion should the Second Amended Complaint be allowed.

## LEGAL ARGUMENT

### POINT I

**THE INAPPLICABILITY OF §101.201 OF THE TEXAS INSURANCE CODE TO webTPA'S ALLEGED CONDUCT PRECLUDES AS FUTILE AN AMENDMENT BASED ON THIS SECTION OF THE CODE.**

As clearly stated by the Supreme Court in Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962):

> In the absence of any apparent or declared reason-such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, **futility of amendment**, etc.-the leave sought should, as the rules require, be 'freely given.' [Emphasis added.]

Where a proposed amendment would be subject to dismissal for failure to state a claim, a district court is within its discretion should it deny leave to amend as futile. See Universal Communication Systems v. Lycos, Inc., 478 F.3d 413, 418 (1st Cir. 2007).

The inapplicability of §101.201 of the Texas Insurance Code to webTPA, upon which plaintiff's proposed Seventh Count relies, is such a circumstance warranting the denial of a motion to amend as futile.

A. <u>In the absence of a definition within the Texas Insurance Code, the ordinary, plain and usual meaning of</u>

5

## "procurement" should be utilized.

§101.201 of the Texas Insurance Code provides, in pertinent part, that:

> (a) An insurance contract effective in this state and entered into by an unauthorized insurer is unenforceable by the insurer. A person who in any manner assisted directly or indirectly in the procurement of the contract is liable to the insured for the full amount of a claim or loss under the terms of the contract if the unauthorized insurer fails to pay the claim or loss.

Through her Seventh Count to the proposed Second Amended Complaint, plaintiff seeks to hold webTPA strictly liable for its alleged role in the "procurement" of her family's health plan with HR Trust, an undefined term within the Texas Insurance Code.

In Texas, as in New Jersey, courts are bound to follow specifically defined terms contained within the statute under review. However, when a term is undefined, its ordinary, plain and usual meaning is used. See City of Clinton v. Pilgrim's Pride Corp., 2009 WL 2949312, *2 (N.D. Tex. Sept. 15, 2009); Marks v. St. Luke's Episcopal Hosp., 2009 WL 2667801, *3 (Tex. Aug. 28, 2009); Learners Online, Inc. v. Dallas Independent School Dist., 2009 WL 2138974, *4, 6 (Tex.App.-Dallas July 20, 2009); Daus v. Marble, 270 N.J. Super. 241, 251 (App. Div. 1994).

"The use of reference books is an accepted method of

6

ascertaining the 'ordinary' meaning of terms," e.g., referring to a dictionary or thesaurus. Boddy v. Cigna Prop. & Cas. Cos., 334 N.J. Super. 649, 656 (App. Div. 2000); Learners Online, 2009 WL 2138974, *4, 6.

Black's Law Dictionary (5th ed. 1979) defines "procurement" as the "[t]he act of obtaining, attainment, acquisition, bringing about, effecting." Similarly, Webster's New World Dictionary (4th ed. 2003) defines "procure" as "to obtain; get."

**B. Third party administrators, like webTPA, are not the intended targets of §101.201 of the Texas Insurance Code, which is designed to give redress against unauthorized insurers and those individuals who assist in obtaining policies from such carriers.**

The unambiguous language of §101.201(a) of the Texas Insurance Code makes clear that it is designed, in part, to penalize those who assist in the acquisition of policies from unauthorized insurers, while protecting the purchasers of such insurance contracts. Brokers or agents who obtain policies from unauthorized insurers are the focus of legal action. See Environmental Procedures, Inc. v. Guidry, 282 S.W.3d 602, 608-09, 629-30 (Tex. App. 2009).

There is no indication that webTPA took part in the procurement of the health plan plaintiff's family had with HR Trust. Rather, as alleged by plaintiff in paragraph 2 of the Sixth Count to the proposed Second Amended Complaint, webTPA was a third party administrator, whose responsibility was the

7

processing of submitted medical claims under the subject plan. webTPA's involvement would necessarily post-date the acquisition of the HR Trust health plan.

Inapplicable to webTPA, an amendment based on §101.201 of the Texas Insurance Code would, therefore, be futile.

## CONCLUSION

For all of the foregoing reasons and authorities cited herein, webTPA asks this Court to deny, in part, plaintiff's motion seeking to file a Second Amended Complaint. Specifically, the <u>Seventh Count</u> of the proposed Second Amended Complaint should delete any allegation against, and any relief sought from, webTPA.

**TOMPKINS McGUIRE WACHENFELD & BARRY LLP**
Attorneys for Defendant, webTPA Employer Services, LLC, improperly plead as Web-TPA, Inc.

By: *[signature]*
Richard A. Ulsamer

Date: October 19, 2009