R. Michael Smith (RS-8563)
GORDON, FEINBLATT, ROTHMAN, HOFFBERGER
  & HOLLANDER
233 E. Redwood Street
Baltimore, MD 21202
Tel (410) 576-4174
Fax (410) 576-4292

Julio C. Gomez (JG-0005)
GOMEZ LLC
ATTORNEY AT LAW
The Sturcke Building
111 Quimby Street, Suite 8
Westfield, New Jersey 07090
Tel (908) 780-1080
Fax (908) 789-1081

Attorneys for Defendants, Superien Health Networks
and Interplan Health Group

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHELE SANDER,<br><br>                Plaintiff,<br><br>v.<br><br>HR TRUST SERVICES, LLC, *et al*.,<br><br>                Defendants. | Civil No. 08-cv-1383 (PGS-ES) |

**OPPOSITION OF DEFENDANTS, SUPERIEN HEALTH NETWORKS AND
INTERPLAN HEALTH GROUP, TO PLAINTIFF'S MOTION
TO AMEND COMPLAINT**

## PRELIMINARY STATEMENT

Plaintiff, Michele Sander ("Sander"), has moved for permission to file a Second Amended Complaint which: (1) deletes certain allegations from the First Amended Complaint;[1] and (2) adds a Seventh Count which alleges that the defendants, including Superien Health Networks and Interplan Health Group (collectively "Superien"), are liable to Sander pursuant to a provision of the State of Texas' insurance code (V.T.C.A., Ins. § 101.201). Superien opposes that motion to the extent that it pertains to the Seventh Count because Sander cannot prove a valid claim under that statute even if the allegations in the Second Amended Complaint are deemed to be true.

I. **THE MOTION TO AMEND SHOULD BE DENIED BECAUSE THE ALLEGATIONS IN THE SEVENTH COUNT FAIL TO STATE A VIABLE CLAIM UNDER THE TEXAS INSURANCE CODE.**

The courts deny motions to amend complaints if such amendments would be futile because they would fail to state claims upon which relief could be granted. *See Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000). "Hence, if the amendment is 'frivolous or advances a claim…that is legally deficient on its face, the court may deny leave to amend.'" *See Phillips v. Borough of Keyport,* 179 F.R.D. 140, 144 (D. N.J. 1998). Application of that legal standard clearly demonstrates that the motion to add the Seventh Count to the First Amended Complaint should be denied.

Section 101.201(a) of the Texas Insurance Code, which provides the only the legal basis for that claim, states in relevant part as follows:

---

[1] For example, the Second Amended Complaint, unlike the First Amended Complaint (Fifth Count ¶¶ 4, 5, 7, and 8, Sixth Count ¶¶ 5, 7), does not include allegations that Superien and other named defendants made misrepresentations regarding whether Defendant, HR Trust Services, LLC ("HR Trust"), was legally authorized to sell insurance.

> An insurance contract effective in this state and entered into by an unauthorized insurer is unenforceable by the insurer. A person who in any manner assisted directly or indirectly **in the procurement of the contract** is liable to the insured for the full amount of a claim or loss under the terms of the contract if the unauthorized insurer fails to pay the claim or loss.

*See* Tex. Ins. Code Ann. § 101.201(a) (emphasis added).

The Seventh Count, including the paragraphs in the Second Amended Complaint incorporated by reference, does not allege that Superien assisted in procuring "the insurance contract" which Sanders and HR Trust entered. For example, Sander does not allege that Superien participated in any way in the discussions and negotiations which culminated in her decision to purchase medical insurance from HR Trust.

Indeed, the Seventh Count merely alleges that Superien enabled **HR Trust** to conduct a medical insurance business by permitting Sander to use doctors and other medical care providers which are part of Superien's Preferred Provider Organization ("PPO"). Moreover, Sander alleges in paragraph 4 of the Fourth Count that **HR Trust, not Superien,** solicited her application for the contract for medical insurance.

That conduct, however, played no part in Sander's procurement of insurance from HR Trust. *Cf. Environmental Procedures, Inc. v. Guidry,* 282 S.W.2d 602, 628-629 (Tex.App.-Houston [14th Dist.] 2009) (broker who procured policy from insurer liable to insured under Section 101.201(a) for claim which was denied and was supposed to be covered).[2] As a

---

[2] The Second Amended Complaint (¶¶ 1, 9; Fourth Count ¶¶ 3, 4, 5, 9) alleges that Sander procured the medical insurance from HR Trust in **New Jersey**. As a consequence, Sander may also be precluded from maintaining a claim under Section 101.201(a) because that statute does not apply to insurance contracts negotiated outside the State of **Texas**. *See Environmental Procedures, Inc.,* 282 S.W.3d at 629; Tex. Ins. Code Ann. § 101.053(b)(4)(A).

consequence, the Seventh Count fails to state a claim against Superien upon which relief can be granted.

## CONCLUSION

For the reasons stated above, Superien respectfully requests the Court to deny Sander's motion to amend the First Amended Complaint to the extent that she seeks to add this Seventh Count to the claims which she is pursuing.

Dated: October 19, 2009

        GORDON, FEINBLATT, ROTHMAN,
        HOFFBERGER & HOLLANDER
        233 E. Redwood Street
        Baltimore, MD 21202
        Tel (410) 576-4174
        Fax (410) 576-4292

        By: *s R. Michael Smith*
            R. Michael Smith (RS-8563)

        GOMEZ LLC
        ATTORNEY AT LAW
        The Sturcke Building
        111 Quimby Street, Suite 8
        Westfield, New Jersey 07090
        Tel (908) 780-1080
        Fax (908) 789-1081

        By: *s Julio C. Gomez*
            Julio C. Gomez (JG-0005)

        Attorneys for Defendants, Superien Health Networks
        and Interplan Health Group

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which shall send notification of such filing to the following counsel:

>Alan Roth, Esq.
>BENDIT WEINSTOCKI, P.C.
>80 Main Street, Suite 260
>West Orange, NJ 07052
>aroth@benditweinstock.com
>
>Abigail Bowen, Esq.
>SEDGWICK DETERT MORAN & ARNOLD, LLP
>125 Broad Street, 39th Floor
>New York, NY 10004-2400
>abigail.bowen@sdma.com
>
>Richard A. Ulsamer, Esq.
>TOMPKINS MCGUIRE WACHENFIELD & BARRY, LLP
>Four Gateway Center
>100 Mulberry Street
>Newark, NJ 07102
>rulsamer@tompkinsmcguire.com

I hereby certify the foregoing statement made by me is true. I am aware that if any portion of the foregoing statement made by me is willfully false, I am subject to punishment.

Date: October 19, 2009     *s/    Julio C. Gomez*
                                    Julio C. Gomez (JG-0005)