NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELE SANDER, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| HR TRUST SERVICES, LLC, HR : | |
| TRUST LLP, HRT SERVICES, II, LLP : | Civil Action No. 08-1383 (PGS) |
| HRT INSURANCE AGENCY, LLP, : | |
| OUTSOURCING WORKS, LLP, 1099 : | |
| GROUP BENEFITS, LLP, IBO : | |
| MANAGED SERVICES, INC., : | |
| ACEVEDO SPAIN HOLDING, INC., : | |
| ACEVEDO SPAIN, LP, RONALD : | |
| SPAIN a/k/a RON SPAIN, JANICE : | |
| ACEVEDO, SUPERIEN HEALTH : | OPINION |
| NETWORKS, INTERPLAN HEALTH : | |
| GROUP, PHCS PRIVATE HEALTH : | |
| SERVICES, MULTIPLAN, INC., and : | |
| WEB-TPA, INC., : | |
| : | |
| Defendants. : | |
| : | |

Pending before this Court is a motion by Plaintiff Michele Sander ("Plaintiff" or "Ms. Sander") to amend her Complaint to delete certain allegations from the First Amended Complaint as well as add a seventh count alleging strict liability under Texas law (Docket Entry No. 69). Having considered the parties' submissions, the Court **GRANTS** the motion in part and **DENIES** the motion in part.

**I.      PROCEDURAL BACKGROUND**

On November 7, 2007 Physiological Assessment Services filed a complaint against Michele

Sander in the Superior Court of New Jersey, Law Division, Sussex County. (Docket Entry No. 1). Thereafter, on January 31, 2008, Ms. Sander filed a third-party complaint against HR Trust and on March 18, 2008, the action was removed to this Court. (*See id.*). On September 30, 2008, Plaintiff filed an amended complaint against Defendants HR Trust, LDI, Intergroup, Spectera, United Healthcare, Superien, Interplan, PHCS, Multiplan, and WEB-TPA alleging six counts: (i) Unfair Insurance Practices (ii) Arbitrary and Capricious Denial of Medical Coverage (iii) Bad Faith in Denying Medical Coverage (iv) Fraudulently Selling Insurance Without a License (v) Fraud by Superien, Interplan, PHCS, Multiplan, LDI, Intergroup, Spectera and United Healthcare - Assisting HR Trust in Selling Insurance Without a License (vi) Fraud by WEB-TPA - Assisting HR Trust in Selling Insurance Without a License  (Docket Entry No. 16). On September 21, 2009 the Honorable Garrett E. Brown, Jr. dismissed the claims sounding in negligence, negligent misreprsentation and fraud against Defendants United Healthcare Insurance Co. and Spectera, Inc. finding they did not have a duty to Plaintiff. (Docket Entry No. 67).

Shortly thereafter on September 23, 2009, Plaintiff filed the instant motion seeking to withdraw Counts Five and Six and to alter the allegations contained in the Jurisdiction and Venue Section. *See* Docket Entry No. 69, Certification of Counsel at ¶¶ 4, 5.  In addition, Plaintiff seeks to add a seventh count, alleging strict liability under Texas Insurance Code § 101.201, Validity of Insurance Contracts, for directly or indirectly assisting in the procurement of an insurance contract by an unauthorized insurer. *Id.* at ¶ 4.

Defendants Superien, Interplan, PHCS, Multiplan, and WEB-TPA (collectively the "Defendants") oppose the addition of Count Seven on futility grounds but do not oppose the withdrawal of Counts Five, Six and the changes to the Jurisdiction and Venue Section.  Therefore,

as it pertains to the requests related to Counts Five, Six and the Jurisdiction and Venue section of the First Amended Complaint, Plaintiff's motion is granted. The Court will evaluate the addition of Count Seven against the equitable and legal considerations underpinning Fed. R. Civ. P. 15(a).

## II.     FACTUAL ALLEGATIONS

Taking the allegations in the Complaint as true, Plaintiff received medical treatment in August 2006 for sharp pains she was experiencing in and around her neck, shoulders, and arms. (*See* Docket Entry No. 69-2, Proposed Second Amended Complaint ("Pr. Sec. Am. Compl."), First Count, at ¶ 1). The pain worsened, and on September 2, 2006, a neurosurgeon performed emergency surgery on a cervical disc in Ms. Sander's neck. (*See id.* at ¶ 2). As a result of this medical treatment, Ms. Sander incurred medical bills in excess of $100,000.00. (*See id*. at ¶ 4). To date, Plaintiff alleges that HR Trust has paid only $6,959.98 of those bills and wrongfully refuses to pay the remaining balance. (*See id.* at ¶¶ 4, 6).

Plaintiff also alleges that HR Trust was not licensed to provide insurance but that it solicited applications for insurance contracts from residents of New Jersey and collected premiums and other consideration for those contracts. (*See* Pr. Sec. Am. Compl. at Count Four, ¶¶ 2, 4, 5). Defendants Superien, Interplan, PHCS, and Multiplan contracted with HR Trust to be designated as a Preferred Provider Organizations (PPO) and/or provider of benefits for HR Trust. (Proposed Second Amended Compl., Count Five, ¶ 2). Defendant Web-TPA contracted with and assisted HR Trust in administering medical claims and was a third-party administrator for HR Trust. (*See id.* at Count Six, ¶ 2). Finally, Plaintiff alleges that the Defendants are strictly liable for Plaintiff's unpaid medical claims pursuant to Texas Insurance Code. § 101.201 for "assisting directly or indirectly in the procurement of an insurance contract by an unauthorized insurer." (*See id.* at Count Seven, ¶ 2).

### III.     LEGAL ANALYSIS

Fed. R. Civ. P. 15(a) allows a party to amend its pleading by leave of court when justice so requires.  Leave to amend pleadings is to be freely given.  Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).  The decision to grant leave to amend rests within the discretion of the court.  *Foman*, 371 U.S. at 182.  Pursuant to *Foman*, leave to amend may be denied on the basis of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; and (4) futility of amendment.  *Id.*  "Only when these factors suggest that amendment would be 'unjust' should the court deny leave."  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citations omitted).  Here, the Defendants argue that Count Seven of the Proposed Second Amended Complaint is futile because § 101.201 of the Texas Insurance Code, upon which liability is premised, is not applicable to the Defendants.  (*See* Docket Entry Nos. 72, 73 and 74).

An amendment is considered futile if it advances a claim or defense that is legally insufficient on its face.  Courts may properly deny a motion to amend when the amendment would not withstand a motion to dismiss.  *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983).  With respect to futility, "[it is] clear that an amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'"  *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)); *see also Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (reasoning that an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face" (citations and quotations omitted)).  As such, "[i]n assessing futility, the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *Burlington*, 114 F.3d at 1434 (citing *Glassman v. Computervision Corp.,* 90 F.3d 617,

623 (1st Cir. 1996)) (further citation omitted)).  The Court therefore must accept all factual allegations as true "as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001).

When a plaintiff asserts claims, they must provide sufficient notice to defendants of the factual allegations that entitle them to relief as articulated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*.  The Court stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level....

550 U.S. 544, 545, 127 S.Ct.1955, 1959, 167 L.Ed. 2d 929 (2007) (citations omitted).

The Third Circuit has emphasized that the Court reaffirmed that Rule 8 still only requires a short and plain statement of claims and their factual underpinnings. *Phillips v. Cty of Allegeny*, 515 F.3d 224, 232 (3d Cir. 2008).  However, there is now a "plausibility paradigm" for evaluating the sufficiency of complaints. *Id. at 230*.  "[F]actual allegations in the complaint must not be 'so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8.'" *Umland v. PLANCO Fin. Svsc, Inc.*, 542 F.3d 59, 64 (3d Cir. 2008) (quoting *Phillips*, 515 F.3d at 232).  Left intact and still in harmony with *Twombly* is the notion that courts will read complaints to determine if "under any reasonable reading ... the plaintiff may be entitled to relief." *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002).

Section 101.201(a) of the Texas Insurance Code provides, in relevant part, that "[a] person who in any manner assisted directly or indirectly in the procurement of the contract is liable to the

insured for the full amount of a claim or loss under the terms of the contract if the unauthorized insurer fails to pay the claim or loss." Plaintiff, however, has failed to allege that the Defendants "assisted directly or indirectly" in the procurement of Sander's insurance contract. Plaintiff merely makes conclusory allegations that the Defendants contracted with HR Trust to be a Preferred Provider Organization and/or provider of benefits and assisted HR Trust in engaging in the unauthorized business of insurance. (*See* Pr. Sec. Am. Compl. Count Five, ¶¶ 2, 4, Count Six, ¶¶ 2, 4). Additionally, Plaintiff alleges that the Defendants knew or should have known that Sander would rely and did rely upon said contracts with HR Trust in choosing her insurance carrier. (*See id.*, Count Five ¶¶ 3, 5, Count Six ¶¶ 3, 5). These facts are not sufficient, however, to demonstrate any action by the Defendants directly or indirectly related to the procurement of Sander's contract.

In support of her claim, Plaintiff seeks for this Court to apply a broad interpretation of the term "assisted indirectly" stating that "Defendants' conduct of entering into agreements with HR Trust and providing services to HR Trust made HR Trust capable of engaging in the unauthorized business of insurance." (*See* Plaintiff's Reply ("Pl. Reply") at 4). In furtherance of this argument, Plaintiff cites only to the preamble to §101.201 and urges this Court to "infer" that the Texas State Legislature intended the statute to apply broadly. (*See* Pl. Reply at 3). Plaintiff cites to no case law to support such a broad interpretation and this Court declines to define the terms as urged.

Under Plaintiff's theory, virtually any person doing business with HR Trust has made HR Trust capable of running its business and thus has indirectly assisted in procuring contracts. This interpretation of § 101.201(a) opens up liability to a potentially enormous class of persons. Without a showing that the Texas Legislature intended § 101.201(a) to yield such broad liability, this Court cannot accord the word "indirectly" the definition that Plaintiff seeks. Furthermore, this Court, in

its Memorandum Opinion of September 21, 2009, has already foreclosed the argument that the contracts entered into between the Defendants constituted representations of HR Trust's validity (Docket Entry No. 67).  Thus, Plaintiff cannot claim that PPO Defendants and Web-TPA indirectly assisted in the procurement of contracts because their actions constituted representations of HR Trust's validity as an authorized insurance carrier.

Plaintiff has not stated a claim that the Defendants plausibly violated § 101.201(a) of the Texas Insurance Code.  Therefore, Plaintiff's motion to amend to add Count Seven is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's Motion to Amend the Complaint in part and denies in part.   The Court will issue an appropriate Order.

                                            s/ Esther Salas
                                            **ESTHER SALAS**
                                            **UNITED STATES MAGISTRATE JUDGE**