**BENDIT WEINSTOCK**

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
80 MAIN STREET, SUITE 260
WEST ORANGE, N.J. 07052
(973) 736-9800
By: Alan Roth, Esq.
Attorneys for Plaintiff
Our File #40660-AR

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHELE SANDER, | : |
| Plaintiff, | : |
| -vs- | : |
| HR TRUST SERVICES, LLC, HR TRUST LLP, HRT SERVICES, II, LLP, HRT INSURANCE AGENCY, LLP, OUTSOURCING WORKS, LLP, 1099 GROUP BENEFITS, LLP, IBO MANAGED SERVICES, INC., ACEVEDO SPAIN HOLDING, INC., ACEVEDO SPAIN, LP, RONALD SPAIN a/k/a RON SPAIN, JANICE ACEVEDO, SUPERIEN HEALTH NETWORKS, INTERPLAN HEALTH GROUP, PHCS PRIVATE HEALTH SYSTEMS, MULTIPLAN, INC., and WEB-TPA, INC., | : CIVIL NO. 08-cv-1383 (PGS-ES) |
| Defendants. | : **SECOND AMENDED COMPLAINT** |

Plaintiff, Michele Sander ("Sander"), by way of Second Amended Complaint, says:

## PARTIES

1.   At all times relevant hereto, Sander was a citizen of New Jersey residing at 47 Castlewood Trail, Sparta, New Jersey 07871.

2.   At all times relevant hereto, defendants HR Trust Services, LLP ("HR Trust") and HR Trust, LLP (also "HR Trust") were entities, registered in the State of Texas, with their principal place of business in the State of Texas.

3.   At all times relevant hereto, defendants HRT Services, II, LLP, HRT Insurance Agency, LLP, Outsourcing Works, LLP, 1099 Group Benefits, LLP, IBO Managed Services, Inc., Acevedo Spain Holding, Inc., Acevedo Spain, LP, (collectively "the Assisting Corporate Defendants") were entities registered in the State of Texas, with their principal place of business in the State of Texas.

4.   At all times relevant hereto, defendants Ronald Spain and Janet Acevedo were citizens and residents of the State of Texas.

5.   At all times relevant hereto, defendant Superien Health Networks ("Superien") was an entity registered in the State of Ohio, with its principal place of business in the State of Ohio.

6.   At all times relevant hereto, defendant Interplan Health Group ("Interplan") was an entity registered in the State of California, with its principal place of business in the State of California.

7.   At all times relevant hereto, Superien and Interplan were the same entity and/or were related entities as the result of a merger between the two entities in or about 2004.

8.   At all times relevant hereto, defendant PHCS Private Health Systems ("PHCS") was an entity registered in the State of New York with its principal place of business in the State of New York.

9.   At all times relevant hereto, defendant Multiplan, Inc. ("Multiplan") was an entity registered in the State of New York, with its principal place of business in the State of New York.

10.  As of October 2006, PHCS and Multiplan were the same entity and/or were related entities as Multiplan acquired PHCS in or about October 2006.

11.  At all times relevant hereto, defendant WEB-TPA, Inc. ("WEB-TPA") was an entity registered in the State of Texas with its principal place of business in the State of Texas.

## JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because, as set forth herein, the plaintiff and the defendants are citizens and residents of different states and the amount in controversy exceeds $75,000.00.

2.   Venue is proper in the District of New Jersey because, pursuant to 28 U.S.C. § 1391(a)(2), a substantial part of the events or omissions giving rise to the claims set forth herein occurred in the District of New Jersey.

3

## FIRST COUNT

1.    During the month of August, 2006 Sander received medical treatment by various physicians for sharp pains she was experiencing in and around her neck, shoulders, and arms.  During this time period, Sander was prescribed medication, underwent physical therapy, and had MRIs and X-rays taken of her neck.  Throughout the entire week of August 28, 2006, Sander was in intense pain, her neck was protruding forward, and she had no ability to stand up straight. Her condition became so bad that she became unable to take care of her own children.

2.    On or about September 1, 2006, Sander was seen by a neurosurgeon, Dr. Hamilton Goulart.  Dr. Goulart reviewed the MRI report and advised Sander that she needed emergency surgery. Sander was sent to Valley Hospital for pre-admission testing.  On or about the morning of September 2, 2006, Dr. Goulart performed emergency surgery on a cervical disc in Sander's neck.

3.    At all times relevant hereto, Sander had a policy of medical insurance with HR Trust, under Policy No. 402354.

4.    As a result of the medical treatment received by Sander, she received medical bills in excess of $100,000.00, of which HR Trust has only paid approximately $6,959.98 and refuses to pay the remaining balance.

5.    HR Trust declined to pay Sander's surgical fees.

4

6.  HR Trust has wrongfully rejected Sander's claims for payment of her medical bills related to the surgery on her cervical disc in her neck.

7.  Despite Sander's compliance with all of the terms of the policy's provisions, HR Trust has denied certain medical coverage resulting therefrom.

8.  HR Trust, by its acts and omissions, has breached its contract with Sander.

9.  The acts and omissions of HR Trust, in failing to provide medical insurance coverage, constitute unfair insurance practices, which are specifically prohibited by N.J.S.A. 17:29B-1, _et seq_. and the New Jersey Administrative Code.

10. As a direct and proximate result of HR Trust's unfair insurance practices, Sander has been damaged and seeks compensatory and punitive damages, attorneys' fees, interest, costs of suit, and for such other relief the Court deems equitable and just.

**WHEREFORE**, Plaintiff, Michele Sander, demands judgment against Defendants, HR Trust, for breach of contract and for violations of N.J.S.A. 17:29B-1, _et seq_., and the New Jersey Administrative Code, and seeks damages including, but not limited, to compensatory and consequential damages, punitive damages, attorneys' fees, interest, costs of suit, and for such other relief the Court deems equitable and just.

## SECOND COUNT

1.    Sander hereby repeats the allegations of the previous Count and incorporates those allegations in this Count as if set forth more fully herein.

2.    HR Trust arbitrarily and capriciously denied Sander's claim for medical coverage.

**WHEREFORE**, Plaintiff, Michele Sander, demands judgment against Defendants, HR Trust, for damages including, but not limited, to compensatory and consequential damages, punitive damages, attorneys' fees, interest, costs of suit, and for such other relief the Court deems equitable and just.

## THIRD COUNT

1.    Sander hereby repeats the allegations of the previous Counts and incorporate those allegations in this Count as if set forth more fully herein.

2.    HR Trust acted in bad faith in denying Sander's claim for coverage.

**WHEREFORE**, Plaintiff, Michele Sander, demands judgment against Defendants, HR Trust, for damages, including, but not limited, to compensatory and consequential damages, punitive damages, attorneys' fees, interest, costs of suit, and for such other relief the Court deems equitable and just.

**FOURTH COUNT**

1.    Sander hereby repeats the allegations of the previous Counts and incorporates those allegations in this Count as if set forth more fully herein.

2.    At all times relevant, HR Trust was not licensed to provide insurance in New Jersey, or any other state in the United States of America.

3.    At all times relevant, HR Trust issued or delivered contracts of insurance to residents of New Jersey, including Sander.

4.    At all times relevant, HR Trust solicited applications for contracts of insurance from residents of New Jersey, including from Sander.

5.    At all times relevant, HR Trust collected premiums, membership fees, assessments or other considerations for contracts of insurance from residents of New Jersey, including from Sander.

6.    Ronald Spain and Janice Acevedo are officers and/or directors of HR Trust and the Assisting Corporate Defendants.

7.    Ronald Spain and Janice Acevedo are shareholders of HR Trust and the Assisting Corporate Defendants.

8.    Ronald Spain and Janice Acevedo formed HR Trust and the Assisting Corporate Defendants to purposefully defraud consumers of insurance, including Sander, into purchasing insurance policies.

9.    Ronald Spain and Janice Acevedo knowingly marketed and sold insurance policies to consumers of insurance in New Jersey,

with the knowledge that HR Trust was not licensed to engage in the business of insurance in the state of New Jersey.

10.  The Assisting Corporate Defendants were purposely created by Ronald Spain and Janice Acevedo to assist and aid HR Trust to fraudulently market and sell insurance without a license.

11.  The Assisting Corporate Defendants assisted HR Trust to engage in the unauthorized business of insurance.

12.  The actions of HR Trust, Ronald Spain, Janice Acevedo, and the Assisting Corporate Defendants were intentional and resulted in thousands of insurance consumers, including Sander, to be defrauded out of the premium payments paid by them to HR Trust for insurance premiums as well as unpaid benefits HR Trust has refused to pay.

**WHEREFORE**, Plaintiff, Michele Sander, demands judgment against Defendants, HR Trust, Ronald Spain, Janice Acevedo, and the Assisting Corporate Defendants for damages, including, but not limited, to compensatory and consequential damages, punitive damages, attorneys' fees, interest, costs of suit, and for such other relief the Court deems equitable and just.

## FIFTH COUNT

1.  Sander hereby repeats the allegations of the previous Counts and incorporates those allegations in this Count as if set forth more fully herein.

2.  Superien, Interplan, PHCS, and Multiplan (collectively "the PPO Defendants") contracted with HR Trust to be designated as

a Preferred Provider Organization (PPO) and/or provider of benefits for HR Trust, while they knew or should have known that HR Trust was not authorized to engage in the business of insurance.

3.   The PPO Defendants knew or should have known that Sander would rely upon the existence of a Preferred Provider Organization (PPO) and/or benefits provider in choosing their insurance carrier.

4.   The PPO Defendants' negligent and/or purposeful course of conduct assisted HR Trust in engaging in the unauthorized business of insurance.

5.   Sander relied upon the PPO Defendants' agreements with HR Trust to be HR Trust's Preferred Provider Organizations and/or providers of benefits in selecting HR Trust as her insurer.

**WHEREFORE,** Plaintiff, Michele Sander, demands judgment against Defendants, the PPO Defendants for damages, including, but not limited, to compensatory and consequential damages, punitive damages, attorneys' fees, interest, costs of suit, and for such other relief the Court deems equitable and just.

## SIXTH COUNT

1.   Sander hereby repeats the allegations of the previous Counts and incorporates those allegations in this Count as if set forth more fully herein.

2.   At all times relevant hereto, WEB-TPA contracted with and assisted HR Trust in administering medical claims and was a third-party administrator for HR Trust.

9

3.   WEB-TPA knew or should have known that HR Trust was not an authorized provider of insurance.

4.   WEB-TPA's negligent and/or purposeful course of conduct assisted HR Trust in engaging in the unauthorized business of insurance.

5.   Sander relied upon WEB-TPA's agreement with HR Trust to be HR Trust's third party administrator in selecting HR Trust as her insurer.

6.   WEB-TPA's course of conduct assisted HR Trust in the unauthorized business of insurance.

**WHEREFORE**, Plaintiff, Michele Sander, demands judgment against Defendants, WEB-TPA for damages, including, but not limited, to compensatory and consequential damages, punitive damages, attorneys' fees, interest, costs of suit, and for such other relief the Court deems equitable and just.

 indirectly in the procurement of an insurance contract by an unauthorized insurer.

### JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any issue triable of right by a jury.

BENDIT WEINSTOCK, P.A.
Attorneys for Defendant/
Third-Party Plaintiff


BY:___/s/ Alan Roth_____
     ALAN ROTH

Dated: May 11, 2010

## **RULE 11.2 CERTIFICATION**

_____Pursuant to L. Civ. R. 11.2, the undersigned counsel for the Plaintiff hereby certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                        BENDIT WEINSTOCK, P.A.
                                        Attorneys for Defendant/
                                        Third-Party Plaintiff


                              BY:_____/s/ Alan Roth_____
                                        ALAN ROTH

Dated: May 11, 2010