Charles R. Bacharach, Esq.
GORDON FEINBLATT ROTHMAN
HOFFBERGER & HOLLANDER, LLC
233 E. Redwood Street
Baltimore, MD 21202
Tel: (410) 576-4169
Fax: (410) 576-4292

Julio C. Gomez, Esq.
GOMEZ LLC
ATTORNEY AT LAW
The Sturcke Building
111 Quimby Street, Suite 8
Westfield, New Jersey 07090
Tel: (908) 789-1080
Fax: (908) 789-1081

Attorneys for Defendants
Superien Health Networks and
Interplan Health Group

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHELE SANDER,<br><br>Plaintiff,<br><br>v.<br><br>HR TRUST SERVICES, LLC, *ET AL.*,<br><br>Defendants. | Civil No. 08-cv-1383 (GEB-ES)<br><br>**NOTICE OF MOTION BY DEFENDANTS SUPERIEN AND INTERPLAN TO DISMISS COMPLAINT PURSUANT TO *Fed. Civ. R.* 12(b)(6)**<br><br>RETURNABLE: JUNE 21, 2010 |

TO: Alan Roth, Esq.
BENDIT WEINSTOCK
80 Main Street, Suite 260
West Orange, NJ 07052
Attorneys for Plaintiff Michele Sander

**PLEASE TAKE NOTICE** that on Monday, June 21, 2010 at 9:00 a.m., or as soon thereafter as counsel may be heard, the undersigned attorneys for defendants Superien Health Networks ("Superien") and Interplan Health Group ("Interplan"), will move before the United

States District Court for the District of New Jersey at 50 Walnut Street, in Newark, New Jersey for an Order dismissing all claims against them pursuant to *Fed. Civ. R.* 12(b)(6).

**PLEASE TAKE FURTHER NOTICE** that counsel shall rely upon the legal memorandum filed herewith. The sole remaining claim against Interplan and Superien is set forth in the Fifth Count of the Second Amended Complaint and sounds in ordinary negligence. For the reasons more fully set forth in the memorandum of law and incorporated by reference herein, Plaintiff has failed to state a claim upon which relief can be granted and the Complaint against Superien and Interplan should be dismissed.

**PLEASE TAKE FURTHER NOTICE** a proposed order pursuant to *Loc. Civ. R.* 7.1(e) is also filed herewith.

Respectfully submitted,

GORDON FEINBLATT ROTHMAN
HOFFBERGER & HOLLANDER, LLC
233 E. Redwood Street
Baltimore, MD 21202
Tel: (410) 576-4169
Fax: (410) 576-4292
By: *s/ Charles R. Bacharach*______
Charles R. Bacharach, Esq.

GOMEZ LLC
ATTORNEY AT LAW
The Sturcke Building
111 Quimby Street, Suite 8
Westfield, New Jersey 07090
Tel: (908) 789-1080
Fax: (908) 789-1081
By: *s/ Julio C. Gomez*___________
Julio C. Gomez, Esq.

Attorneys for Defendants
Superien Health Networks and
Interplan Health Group

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY on this date I electronically filed the foregoing Notice of Motion By Defendants Superien and Interplan to Dismiss Pursuant to *Fed. Civ. R.* 12(b)(6), a legal memorandum in support thereof, and a proposed form of order with the Clerk of the Court using the CM/ECF system which shall send notification of such filing to the following counsel:

Alan Roth, Esq. (aroth@benditweinstock.com)
Kingsuk Bhattacharya, Esq. (kbhattacharya@benditweinstock.com)
BENDIT WEINSTOCK, P.C.
80 Main Street, Suite 260
West Orange, NJ 07052

Abigail Bowen, Esq. (abigail.bowen@sdma.com)
Nora Coleman, Esq. (nora.coleman@sdma.com)
SEDGWICK DETERT MORAN & ARNOLD, LLP
125 Broad Street, 39th Floor
New York, NY 10004-2400

Richard A. Ulsamer, Esq. (rulsamer@tompkinsmcguire.com
TOMPKINS MCGUIRE WACHENFIELD & BARRY, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102

I hereby certify the foregoing statement made by me is true. I am aware that if any portion of the foregoing statement made by me is willfully false, I am subject to punishment.

Date: May 27, 2010

___*s/ Julio C. Gomez*____
Julio C. Gomez, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

MICHELE SANDER,

Plaintiff,

v.

HR TRUST SERVICES, LLC, *ET AL.*,

Defendants.

Civil No. 08-cv-1383 (GEB-ES)

RETURNABLE: JUNE 21, 2010

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS SUPERIEN HEALTH NETWORKS AND INTERPLAN HEALTH GROUP TO DISMISS ALL CLAIMS AGAINST THEM PURSUANT TO *FED. R. CIV. P.* 12(b)(6)**

Dated: May 27, 2010

GORDON FEINBLATT ROTHMAN
HOFFBERGER & HOLLANDER, LLC
233 E. Redwood Street
Baltimore, MD 21202
Tel: (410) 576-4169
Fax: (410) 576-4292

GOMEZ LLC
ATTORNEY AT LAW
The Sturcke Building
111 Quimby Street, Suite 8
Westfield, New Jersey 07090
Tel: (908) 789-1080
Fax: (908) 789-1081

Attorneys for Defendants
Superien Health Networks and
Interplan Health Group

# TABLE OF CONTENTS

TABLE OF AUTHORITIES …………………………………………………………………. *ii*

I. BACKGROUND ……………………………………………………………...… 1

II. ARGUMENT …………………………………………………………………………. 3

A. Standard of Review on Motion to Dismiss ……………………………………….. 3

B. Ms. Sander's Claim ……………………………………………………………….. 3

C. The Claim Against Superien and Interplan Must Be Dismissed ……………………. 4

III. CONCLUSION ……………………………………………………………….…. 8

## TABLE OF AUTHORITIES

Cases

*Ascroft v. Iqbal*,
129 S.Ct. 1937 (2009) ………………………………………………………………….. 3, 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ……………………………………………………………….…. 3

*Carter Lincoln-Mercury, Inc. v. Emar Group*,
135 N.J. 182 (1994) ……………………………………………………………………. 5

*Carvel v. Toll Bros. & Developers*,
143 N.J. 565 (1996)) …………………………………………………………………… 6

*Clohesy v. Food Circus Supermarkets, Inc.*,
149 N.J. 496 (1997) ………………………………………………………….... 5, 6, 8

*Consolidated Welfare Fund ERISA Litigation v. Empire BlueCross/BlueShield*,
856 F.Supp. 837 (S.D.N.Y. 1994) ……………………………………………...… 6, 7, 8

*Endre v. Arnold*,
300 N.J. Super. 136 (App. Div. 1997) ………………………………………………… 4

*Hill v. Yaskin*,
75 N.J. 139 (1977) …………………………………………………………………...… 6

*Jerkins ex rel. Jerkins v. Anderson*,
191 N.J. 285 (2007) ……………………………………………………………….…… 5

*Phillips v. County of Allegheny*,
515 F.3d 224 (3d Cir. 2008) ……………………………………………………….… 3

*Pryzbowski v. U.S. Healthcare, Inc.*,
245 F.3d 266 (3d Cir. 2001) …………………………………………………………. 4

Court Rules

*Fed. R. Civ. P.* 12(b)(6) ……………………………………………………………...… 1, 2, 3

Defendants, Superien Health Networks ("Superien") and Interplan Health Group ("Interplan"), respectfully submit this memorandum of law in support of their motion to dismiss all claims against them pursuant to *Fed. R. Civ. P.* 12(b)(6)[1], and state as follows:

**I. BACKGROUND**

The factual background of this case is set forth in the Court's Memorandum Opinion dated September 21, 2009. (Doc. No. 67). Superien and Interplan will briefly restate those facts here for the Court's convenience.

In August 2006, Plaintiff, Michelle Sander, a New Jersey resident, received medical treatment from various physicians for pain she was experiencing in her neck, shoulders, and arms. As a result of that medical treatment and subsequent surgery, Ms. Sander incurred medical bills in excess of $100,000.00. Ms. Sander was insured by the Defendant, HR Trust Services ("HR Trust"), a Texas-based insurance company. HR Trust offered insurance by enrolling itself in group health insurance plans with several preferred provider organizations ("PPOs"), listing those PPOs as network providers within its plan and selling its policy with access to those networks to self-employed individuals. Ms. Sander submitted her claims for payment to HR Trust, but HR Trust paid only approximately $6,959.98 of her total claims.

In November 2007, one of Ms. Sander's medical providers, Physiologic Assessment Services ("Physiologic"), filed a complaint against her in the Superior Court of New Jersey, seeking payment for medical services rendered. Ms. Sander then filed a third-party complaint in that action against HR Trust, alleging that HR Trust had wrongfully denied her claims. On March 18, 2008, HR Trust removed the state court action to this Court.

In May 2008, the Texas Commissioner of Insurance issued a cease and desist order against HR Trust because HR Trust had engaged in the unauthorized business of insurance by

[1] The sole claim against Interplan and Superien is set forth in the Fifth Count of the Second Amended Complaint.

soliciting, marketing, selling, administering, executing, and issuing group health insurance to self-employed persons without a license or authority to do so. As a result, on June 27, 2008, Ms. Sander filed a motion seeking to amend her complaint to add fraud claims against HR Trust and to assert claims against several PPOs, including Superien and Interplan, with whom, she alleged, HR Trust had contracted. The Court granted Ms. Sander leave to file her amended complaint, which she did on September 30, 2008. Subsequently, PPO defendants United Healthcare Insurance Company ("United") and Spectera, Inc. ("Spectera") moved to dismiss the claims against them pursuant to Federal Rule Procedure 12(b)(6). (Doc. No. 39).

The Court granted Spectera and United's motion. In particular, the Court ruled that Ms. Sander's negligence claim against Spectera and United must be dismissed because those entities owed no duty of care to Ms. Sander. Memorandum Opinion dated September 21, 2009 (Doc. No. 67).

On September 23, 2009, Ms. Sander moved to file a second amended complaint in which she sought to delete all but the negligence allegations from the Fifth Count of the First Amended Complaint and to add a count which purported to state a claim under Texas state insurance law. (Doc. No. 69). On April 22, 2010, the Court denied Ms. Sander's motion to amend the complaint insofar as it sought to add the Texas state claim. (Doc. No 84). Subsequently, on May 5, 2010, Ms. Sander filed her second amended complaint, in which she withdrew the claims stated against the PPO defendants that sounded in theories of negligent misrepresentation, fraud and aiding and abetting. The only claim remaining against Superien and Interplan is one sounding in ordinary negligence. For the reasons set forth below, that claim must be dismissed.

## II. ARGUMENT

### A. Standard of Review on a Motion to Dismiss.

A complaint may only survive a motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(6) if it contains sufficient factual matter to "'state a claim to relief that is plausible on its face'" *Ascroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As this Court has previously held:

> The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." ([*Iqbal* at 1949], citing *Twombly*, 550 U.S. at 556). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

Memorandum Opinion at 3 (Doc. No. 67). As is demonstrated below, Ms. Sander's claim does not meet the "plausibility standard" recognized by this Court.

### B. Ms. Sander's Claim.

The Fifth Count of the Second Amended Complaint is asserted against Superien, Interplan and two other PPO defendants, PHCS Private Health Systems and Multiplan, Inc. ("PHCS/Multiplan"). While Ms. Sander does not specifically denominate the claims she asserts against the PPO defendants, in assessing the first amended complaint the Court ruled that that the Fifth Count "consists of claims sounding in theories of ordinary negligence, negligent misrepresentation, and fraud." Memorandum Opinion at 4 (Doc. 67). In the second amended complaint, Ms. Sander withdrew the following allegations:

- That the PPO defendants represented that HR Trust was an authorized insurer in the state of New Jersey.

- That she relied upon the PPO Defendants' representation that HR Trust was an authorized provider of insurance in selecting HR Trust as her insurer.

- That the actions of the PPO Defendants constitute fraud.

- That the PPO Defendants assisted and aided HR Trust in marketing insurance.

The only remaining claim against Superien and Interplan is one that sounds in ordinary negligence. Ms. Sander alleges that "the PPO Defendants' negligent and/or purposeful course of conduct assisted HR Trust in engaging in the unauthorized business of insurance" and that Ms. Sander relied upon the PPO Defendants' agreements with HR Trust "in choosing" or "in selecting HR Trust as her insurer." Second Amended Complaint, Fifth Count at ¶¶ 3 and 5 (Doc. No. 86). As is demonstrated below, those allegations are insufficient to state a claim of negligence under New Jersey law.

**C. The Claim Against Superien and Interplan Must Be Dismissed.**

Three essential elements must be alleged to state a negligence claim under New Jersey law: "(1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach." *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 281 (3d Cir. 2001) (quoting *Endre v. Arnold*, 300 N.J. Super. 136, 142 (App. Div. 1997)). "Whether a duty exists is solely a question of law to be decided by a court." *Id.* (internal quotation marks omitted). Ms. Sander's negligence claim against Superien and Interplan must fail because the second amended complaint does not allege facts sufficient to support a claim that Superien or Interplan owed her any duty.

Ms. Sander claims that she relied upon "the PPO Defendants' agreements with HR Trust . . . . in *selecting* HR Trust as her insurer." Second Amended Complaint, Count 5 at ¶5 (Doc. No. 86) (emphasis added). Preliminarily this is a conclusory allegation and/or "formulaic recitation of the elements" of a negligence claim, which need not be accepted by the Court.

*Iqbal*, 129 S. Ct. at 1949. Moreover, Ms. Sander does not allege that Superien or Interplan were the PPOs that had contracted with HR Trust *at the time* she was "choosing" or "selecting" HR Trust as her insurer. Second Amended Complaint, Count 5 at ¶¶ 3 and 5 (Doc. No. 86). Ms. Sander alleges only that a business relationship existed at some point in time between Superien and Interplan on the one hand and HR Trust on the other. She does not allege that that relationship existed when she was "selecting HR Trust as her insurer."[2] She does not even allege that the claims that HR Trust denied involved services provided by physicians enrolled in the Superien or Interplan networks. Accordingly, Ms. Sander fails to allege any facts that could plausibly allow the Court to draw a reasonable inference that Superien or Interplan are liable in negligence for the alleged misconduct.

Ms. Sander's negligence claim against Superien and Interplan must also be dismissed because those defendants owed her no duty of care. This Court previously held:

> In New Jersey, "[w]hether a duty of care exists is a question of law that must be decided by the court." *Jerkins ex rel. Jerkins v. Anderson*, 191 N.J. 285, 294 (2007). "In making that determination, the court must first consider the foreseeability of harm to a potential plaintiff, and then analyze whether accepted fairness and policy considerations support the imposition of a duty." *Id.* (citations omitted). The foreseeability of harm refers to the risk of injury to another person that is reasonably within the range of apprehension. *Id.* (citing *Clohesy v. Food Circus Supermarkets, Inc.*, 149 N.J. 496, 503 (1997)). The ability to foresee harm, however, 'does not in itself establish the existence of a duty, . . . but it is a crucial element in determining whether imposition of a duty on an alleged tortfeasor is appropriate.' *Id.* (quoting *Carter Lincoln-Mercury, Inc. v. Emar Group*, 135 N.J. 182, 194 (1994)). Once the foreseeability of an injured party is established, the question whether a duty exists is 'one of fairness and policy that implicates many factors,' including 'the relationship of the parties, the nature of the attendant risk, the

---

[2] Nor *can* Ms. Sander allege that any relationship existed between Superien/Interplan and HR Trust at the time she selected HR Trust as her insurer. She knows that such a relationship did not arise until many months later and that fact, although not pled, no doubt explains the absence of any allegation concerning *when* the various PPO defendants contracted with HR Trust.

> opportunity and ability to exercise care, and the public interest in the proposed solution.' *Id.* (quoting *Carvel v. Toll Bros. & Developers*, 143 N.J. 565, 573 (1996)).

Memorandum Opinion (Doc. No. 67) at 4-5. *See also, Clohesy v. Food Circus Supermarkets, Inc.,*149 N.J. 496, 505 (1997) (*quoting Hill v. Yaskin*, 75 N.J. 139, 144 (1977) ("Foreseeability as it impacts duty determinations refers to 'the knowledge of the risk of injury to be apprehended.'"). Ms. Sander alleges no facts from which the Court could plausibly infer that it was "reasonably within the range of apprehension" for Superien or Interplan to have foreseen any harm to Ms. Sander.

In *Consolidated Welfare Fund ERISA Litigation v. Empire BlueCross/BlueShield*, 856 F.Supp. 837 (S.D.N.Y. 1994), the plaintiffs, individuals who were uninsurable due to preexisting medical conditions, sued a number of defendants on claims arising out of an alleged health insurance fraud perpetrated by a fraudulent union that purported to offer health insurance that was placed with unlicensed offshore carriers. Among the defendants were two companies whose function was to "precertify" insureds for proposed medical treatments. *Id.* at 837. The court found that "the essence of plaintiffs' case against the moving defendants is that the 'pre-certifications' furnished by [defendants] constituted 'implied representation[s] of the existence of real and legitimate insurance." *Id*. at 840. The plaintiffs alleged that the defendants "had a duty to avoid conduct that would foreseeably cause harm to plaintiffs" and that the defendants "breached this duty when they contracted with unlicensed insurers to pre-certify 'insureds.'" *Id.* at 841. The plaintiffs further contended "that it was foreseeable to both [precertifiers] that non-admitted insurers could victimize the plaintiffs herein and pre-certification might assist in the execution of that fraud." *Id*.

The defendants filed a motion for summary judgment contending that they owed no duty of care to plaintiffs and that the connection between their alleged conduct and the plaintiffs'

injuries was too remote to support a duty to plaintiffs to "investigate the financial accountability of insurance companies with whom they had pre-certification contracts." *Id*. at 841. The court stated that it could not locate "any precedent that would impose upon precertifiers a duty running to the claimants or prospective insurance applicants to investigate the status of the insurance carriers with whom the precertifiers contract." *Id.* The court held:

> Key among these factors in the instant case is the proximity of the connection between the pre-certifiers' conduct and the plaintiffs' injury. The connection between [defendants'] "conduct" and plaintiffs' injuries is simply too remote to support the imposition upon [defendants] of a duty to investigate the financial status of the insurance companies to whom the pre-certifiers submitted their evaluations. Notwithstanding plaintiffs' assertions to the contrary, it is not evident that the pre-certifiers' conduct was the cause in fact - let alone the "proximate cause" - of any loss incurred by the beneficiaries. Without more, plaintiffs' contentions that pre-certifiers' acts conferred a deceptive air of legitimacy to the situation cannot be the basis of a duty to investigate reported insurers or any other part of the fraudulent scheme.

*Id*. at 841-42.

Similarly, Ms. Sander's allegations in the instant case amount to no more than a claim that Superien and Interplan "conferred a deceptive air of legitimacy" to HR Trust. As in *Consolidated Welfare Fund*, however, that allegation alone cannot be the basis of the imposition of a duty of care or to investigate on Superien and Interplan. Ms. Sander fails to allege sufficient facts to satisfy the "plausibility standard" that Superien or Interplan owed *her* a duty of care in contracting with HR Trust.

For many of the same reasons, Ms. Sander fails to allege facts sufficient to satisfy the plausibility standard that the conduct of Superien or Interplan proximately caused Ms. Sander's claimed injuries. "Foreseeability that affects proximate cause . . . relates to 'the question of whether the specific act or omission of the defendant was such that the ultimate injury to the plaintiff reasonably flowed from the defendant's breach of duty." *Clohesy*, 149 N.J. at 503. Ms.

Sander's allegations are insufficient to allow the Court to plausibly conclude that the conduct of Superien or Interplan "was the cause in fact – let alone the proximate cause" of her injury. *Consolidated Welfare Fund*, 856 F. Supp. at 842. Ms. Sander's claim of negligence is insufficient as a matter of law and should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Superien Health Networks and Interplan Health Group request that the Court grant their Motion and dismiss all claims against them.

May 27, 2010

Respectfully submitted,

GORDON FEINBLATT ROTHMAN
HOFFBERGER & HOLLANDER, LLC
233 E. Redwood Street
Baltimore, MD 21202
Tel: (410) 576-4169
Fax: (410) 576-4292

By: *s/ Charles R. Bacharach*
Charles R. Bacharach, Esq.

GOMEZ LLC
ATTORNEY AT LAW
The Sturcke Building
111 Quimby Street, Suite 8
Westfield, New Jersey 07090
Tel: (908) 789-1080
Fax: (908) 789-1081

By: *s/ Julio C. Gomez*
Julio C. Gomez, Esq.

Attorneys for Defendants
Superien Health Networks and
Interplan Health Group

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHELE SANDER,<br><br>Plaintiff,<br><br>v.<br><br>HR TRUST SERVICES, LLC, *ET AL.*,<br><br>Defendants. | Civil No. 08-cv-1383 (GEB-ES) |

**ORDER**

Upon consideration of the motion of Defendants, Superien Health Networks ("Superien") and Interplan Health Group ("Interplan"), to dismiss all claims against them pursuant to *Fed. R. Civ. P.* 12(b)(6) and the opposition thereto, if any, it is hereby:

**ORDERED,** that the motion be and the same hereby is **GRANTED,** and it is;

**FURTHER ORDERED,** that all claims in the Second Amended Complaint asserted against defendants Superien and Interplan are dismissed with prejudice.

Dated: ______________, 2010

______________________________
Garrett E. Brown, Chief Judge
United States District Court